IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARIO ANDJUAN PEEPLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 09-00656-CG-N |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION

Plaintiff, Mario Andjuan Peeples, is an inmate at the Mobile County Jail who, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 6, 2009. (Doc. 1). On October 9, 2009, Petitioner was ordered to either pay the required $5.00 filing fee or to complete and file a motion to proceed in forma pauperis on the Court's current form, which was provided to the Petitioner. Petitioner was given a deadline of November 9, 2009 within which to comply with the Court's order and was cautioned that "the failure to comply with this order within the prescribed time will result in a recommendation by the undersigned that this case be dismissed for failure to prosecute and to comply with the Court's order." Petitioner has failed to either pay the required $5.00 filing fee or file the requisite motion to proceed in forma pauperis and has not sought an extension of time within which to do so.[1]

---

[1] It must be noted that the Petitioner similarly failed to comply with the Court's order to pay the requisite filing fee or file a motion to proceed in forma pauperis in a previous case he filed for habeas relief styled Peeples v. Haley, Civil Action No. 09-186-CG-N, which also

Due to Petitioner's failure to comply with the Court's order and to prosecute this action by paying the required filing fee, the undersigned recommends that, through the Court's inherent powers, this action be dismissed without prejudice.  <u>Link v. Wabash R.R.</u> , 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); <u>Zocarus v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006)(recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); <u>Wilson v. Sargent</u>, 313 F.3d 1315, 1331-32 & n. 7 (11th Cir. 2002)(holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally* <u>Betty K. Agencies, Ltd. v. M/V Monada</u>, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiff disputes the finding of failure to pay the required filing fee and wants to proceed with litigation of his action, he shall set forth in an objection to the report and recommendation the reason for his failure to pay.  <u>Wilson</u>, 414

---

resulted in the dismissal of the case on August 28, 2009 (doc. 13).

F.3d at 1320 (citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000)(finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

    The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

    **Done** this 23rd day of November, 2009.

                                        /s/ Katherine P. Nelson
                                        KATHERINE P. NELSON
                                        UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of <u>court. Failure to do so will bar a de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc)</u>. The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

2.
> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recomme<u>ndation should be reviewed de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3. **<u>Transcript (applicable where proceedings tape recorded</u>)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    **Done** this 23rd day of November, 2009.

                                            <u>/s/ Katherine P. Nelson            </u>
                                            UNITED STATES MAGISTRATE JUDGE

4